## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF IOWA, STATE OF MARYLAND, STATE OF NEW YORK, STATE OF OREGON, AND STATE OF WASHINGTON, <br><br> *Plaintiffs,* <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and UNITED STATES CUSTOMS AND BORDER PROTECTION, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Case No.** <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## <u>COMPLAINT</u>

### I. NATURE OF ACTION

1.      Plaintiffs the Commonwealth of Massachusetts, State of California, District of

Columbia, State of Hawaii, State of Illinois, State of Iowa, State of Maryland, State of New

York, State of Oregon, and State of Washington (collectively, "Plaintiff States") bring this action

under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Through a FOIA request

submitted to Defendants United States Immigration and Customs Enforcement ("ICE"), United

States Citizenship and Immigration Services ("USCIS"), and United States Customs and Border

Protection ("CBP"), all agencies within the United States Department of Homeland Security

("DHS") (collectively, "Defendants"), on June 29, 2017, Plaintiff States sought records related to federal immigration enforcement activity within the respective States.  Defendants have violated FOIA by failing to respond to Plaintiff States' request within the statutorily prescribed time limit, failing to disclose the requested documents, and unlawfully withholding the requested information.  Plaintiff States now ask the Court to order Defendants to respond to the request and to disclose all responsive records improperly withheld from Plaintiff States.

## II.  JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331.

3.      This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

4.      Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## III.  PARTIES

5.      Plaintiff Commonwealth of Massachusetts is represented by its Attorney General, Maura Healey, with a principal place of operation at One Ashburton Place, Boston, Massachusetts 02108.

6.      Plaintiff State of California is represented by its Attorney General, Xavier Becerra, with a principal place of operation at 1300 I Street, Sacramento, California 95814.

7.      Plaintiff District of Columbia is represented by its Attorney General, Karl A. Racine, with a principal place of operation at 441 4th Street, NW, Washington, D.C. 20001.

2

8.    Plaintiff State of Hawaii is represented by its Attorney General, Douglas S. Chin, with a principal place of operation at 425 Queen Street, Honolulu, Hawaii 96813.

9.    Plaintiff State of Illinois is represented by its Attorney General, Lisa Madigan, with a principal place of operation at 100 W. Randolph Street, Chicago, Illinois 60601.

10.    Plaintiff State of Iowa is represented by its Attorney General, Tom Miller, with a principal place of operation at 1305 E. Walnut Street, Des Moines, Iowa 50319.

11.    Plaintiff State of Maryland is represented by its Attorney General, Brian E. Frosh, with a principal place of operation at 200 Saint Paul Place, Baltimore, Maryland 21202.

12.    Plaintiff State of New York is represented by its Attorney General, Eric T. Schneiderman, with a principal place of operation at 120 Broadway, 23rd Floor, New York, New York 10271.

13.    Plaintiff State of Oregon is represented by its Attorney General, Ellen F. Rosenblum, with a principal place of operation at 1162 Court Street NE, Salem, Oregon 97301.

14.    Plaintiff State of Washington is represented by its Attorney General, Bob Ferguson, with a principal place of operation at 800 Fifth Avenue, Suite 2000, Seattle, Washington 98104.

15.    Defendant DHS is the federal department that oversees the three component agencies from which the Plaintiff States seek records. DHS is headquartered at 245 Murray Lane, SW, Washington, D.C. 20528, and in Massachusetts at 408 Atlantic Avenue, Boston, Massachusetts 02110.

16.    Defendant ICE is a federal agency within DHS that enforces federal laws governing border control, customs, trade, and immigration. ICE is headquartered at 500 12th Street, SW, Washington, D. C. 20536, and in Massachusetts at the Office of the Principal Legal

Advisor, John F. Kennedy Federal Bldg., 15 New Sudbury Street, Room 425, Boston, Massachusetts 02203.

17.     Defendant USCIS is a federal agency within DHS that oversees lawful immigration to the United States. USCIS is headquartered at 20 Massachusetts Avenue, NW, Washington, D.C. 20008, and in Massachusetts at the John F. Kennedy Federal Bldg., 15 New Sudbury Street, Room E-160, Boston, Massachusetts 02203.

18.     Defendant CBP is a federal agency within DHS that is charged with regulating and facilitating international trade, collecting import duties, and enforcing U.S. regulations, including trade, customs, and immigration. CBP is headquartered at 1300 Pennsylvania Avenue, NW, Washington, D.C. 20229, and in Massachusetts at 10 Causeway Street, Room 801, Boston, Massachusetts 02222.

## IV. STATUTORY FRAMEWORK

19.     FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

20.     In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. *Id.* § 552(a)(6)(A).

21.     An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. *Id.* § 552(a)(6)(A)(i).

22.     The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

23.     An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time.  5 U.S.C. § 552(a)(6)(B).

24.     An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination.  *Id.* § 552(a)(6)(A)(i).  Further, an agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit.  *Id.* § 552(a)(6)(B)(ii).

25.     An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. *Id.* § 552(a)(6)(C)(i).

26.     A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. *Id.* § 552(a)(4)(B).

### V. FACTS

27.     On June 29, 2017, Plaintiff States sent a request by mail and via electronic submission to ICE, USCIS, and CBP ("the Request").  The Request sought records generally grouped into three categories: (1) Records related to the Deferred Action for Childhood Arrivals program (DACA); (2) Records related to arrests and/or detentions of individuals at certain locations; and (3) Records related to ICE or CBP detainer requests and databases. (*See* Exhibit A.)

28.     ICE, USCIS, and CBP are "agenc[ies]" within the meaning of

5 U.S.C. § 552(f)(1) and therefore must comply with the nondiscretionary statutory requirements of FOIA.

29.     On July 6, 2017, ICE confirmed receipt of the Request by email and assigned case number 2017-ICFO-35710.  This email stated, in part, "Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request."  In this email, ICE invoked a 10-day extension to respond to the request, pursuant to 5 U.S.C. § 552(a)(6)(B).  (*See* Exhibit B.)

30.     On July 6, 2017, USCIS confirmed receipt of the Request by letter and assigned the following number, described as a "control number": COW2017000804.  This letter stated, in part, "The statutory time limits for processing your request cannot be met because of unusual circumstances, and it will be necessary to extend the time limits for processing beyond the ten working days due to the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request."  The letter stated that USCIS employs a first-in, first-out multi-track system for responding to FOIA requests, and that Plaintiffs' request had been assigned to "Track 2," indicating a complex request.  (*See* Exhibit C.)

31.     On July 10, 2017, CBP confirmed receipt of the Request by letter and assigned tracking number CBP-2017-071047.  (*See* Exhibit D.)

32.     Since the receipt of these confirmations from Defendants, Plaintiff States have monitored the progress of the Request and contacted the agencies to follow up on the status of the Request.

33.     Despite these efforts, Defendants have not produced any responsive documents. The agencies have not objected to the Request nor provided any detailed information regarding

specific circumstances preventing the disclosure of the records sought. Defendants have not provided contact information for their FOIA public liaisons to discuss the Request or discuss a timeframe for its resolution as required by 5 U.S.C. § 552(a)(6)(B)(ii).

34.     Where Defendants have failed to provide any substantive responses to the Request within the statutory timeframe, they have constructively denied the Request. As such, Plaintiff States have exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

35.     Plaintiff States have a legal right to the requested records. Defendants have improperly withheld those records, forcing Plaintiff States to file suit to enforce their rights under FOIA.

36.     As chief law enforcement officers of their respective states, responsible for protecting the safety, welfare, and civil rights of their residents, the Attorneys General, acting on behalf of the Plaintiff States, have a compelling and immediate need for the information requested.

37.     The federal government has significantly increased its immigration enforcement activities, including, for example, a nearly 40% increase in arrests within the first four months of 2017. *See* ICE ERO IMMIGRATION ARRESTS CLIMB NEARLY 40%, https://www.ice.gov/features/100-days (last visited October 16, 2017). Further, the federal government is broadening the scope of people targeted for enforcement.

38.     It is critical for Plaintiff States to understand the nature of federal immigration enforcement activities and the effects of these activities on the residents and law enforcement agencies of the respective States.

## VI.  STATEMENT OF CLAIMS

### Count I:  Failure to Respond to Request Within Statutory Timeframe

39.     Plaintiff States re-allege and incorporate the foregoing paragraphs as if set forth in full.

40.     Defendants failed to respond to the Request within the statutorily mandated timeframe, in violation of Plaintiff States' rights under FOIA, including but not limited to 5 U.S.C. §§ 552(a)(6)(A)(i) and (6)(B).

### Count II:  Failure to Identify FOIA Public Liaisons

41.     Plaintiff States re-allege and incorporate the foregoing paragraphs as if set forth in full.

42.     At no time after receipt of the Request have Defendants provided contact information for their FOIA public liaisons, or otherwise made such liaisons available to Plaintiff States.

43.     Defendants' failure to provide contact information for their FOIA public liaisons or make them available to Plaintiff States violated Plaintiff States' rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(6)(B)(ii).

### Count III:  Failure to Produce Responsive Records

44.     Plaintiff States re-allege and incorporate the foregoing paragraphs as if set forth in full.

45.     Defendants failed to make reasonable efforts to search for records responsive to the Request, in violation of Plaintiff States' rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

46.     Defendants failed to disclose and produce any records responsive to the Request, in violation of Plaintiff States' rights to those records under FOIA, including but not limited to

5 U.S.C. § 552(a)(3)(A).

47.     Defendants failed to disclose and produce records responsive to the Request without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

48.     Plaintiff States are entitled to their reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, the Commonwealth of Massachusetts together with Plaintiffs District of Columbia and the States of California, Hawaii, Illinois, Iowa, Maryland, New York, Oregon, and Washington request that this Court:

(a) Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

(b) Find that Defendants' failure timely to respond or disclose records was unlawful;

(c) Order Defendants to search for and promptly disclose all records responsive to Plaintiff States' Request;

(d) Award Plaintiff States' attorneys' fees and costs; and

(e) Grant such other relief as the Court may deem just and proper;

Respectfully Submitted,

COMMONWEALTH OF MASSACHUSETTS

MAURA HEALEY
ATTORNEY GENERAL

Jonathan Sclarsic, BBO # 672540
Sara A. Colb, BBO # 680972
Kevin W. Manganaro, BBO #690082
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Phone: (617) 727-2200
Fax: (617) 727-5785
Jonathan.Sclarsic@state.ma.us
Sara.Colb@state.ma.us
Kevin.Manganaro@state.ma.us*
*(District Court admission pending)*


STATE OF CALIFORNIA

XAVIER BECERRA
ATTORNEY GENERAL

*/s Satoshi Yanai*

Satoshi Yanai
Supervising Deputy Attorney General
California Department of Justice
Civil Rights Enforcement Section
Underground Economy Unit
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Phone: (213) 269-6400
satoshi.yanai@doj.ca.gov
*(pro hac vice motion forthcoming)*

DISTRICT OF COLUMBIA

KARL A. RACINE
ATTORNEY GENERAL

*/s Robyn R. Bender*

Robyn R.Bender
Deputy Attorney General
Public Advocacy Division
441 4th Street, NW
Suite 650 North
Washington, DC 20001
Phone: (202) 724-6610
Fax: (202) 730-0650
robyn.bender@dc.gov
*(pro hac vice motion forthcoming)*

10

STATE OF HAWAII

DOUGLAS S. CHIN
ATTORNEY GENERAL

*/s Stella M.L. Kam*

Stella M.L. Kam
Deputy Attorney General
Administration Division
Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-0618
Fax: (808) 586-1372
stella.m.kam@hawaii.gov
(*pro hac vice motion forthcoming*)

STATE OF IOWA

TOM MILLER
ATTORNEY GENERAL

*/s Nathan Blake*

Nathan Blake
Deputy Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 281-4325
nathan.blake@iowa.gov
(*pro hac vice motion forthcoming*)

STATE OF ILLINOIS

LISA MADIGAN
ATTORNEY GENERAL

*/s Caitlyn McEllis*

Caitlyn McEllis
Assistant Attorney General
Public Interest Division
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, IL 60601
Phone: (312) 814-3400
Fax: (312) 814-3212
CMcEllis@atg.state.il.us
(*pro hac vice motion forthcoming*)

STATE OF MARYLAND

BRIAN E. FROSH
ATTORNEY GENERAL

*/s Steven M. Sullivan*

Steven M. Sullivan
Solicitor General
200 Saint Paul Place
Baltimore, MD 21202
Phone: (410) 576-6427
ssullivan@oag.state.md.us
(*pro hac vice motion forthcoming*)

STATE OF NEW YORK

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

*/s Lourdes M. Rosado*
_____
Lourdes M. Rosado
Bureau Chief, Civil Rights Bureau
NYS Office of the Attorney General
120 Broadway, 23rd Floor
New York, NY 10271
Phone: (212) 416-8252
Fax: (212) 416-6030
Lourdes.Rosado@ag.ny.gov
(*pro hac vice motion forthcoming*)

STATE OF OREGON

ELLEN F. ROSENBLUM
ATTORNEY GENERAL

*/s Scott J. Kaplan*
_____
Scott J. Kaplan
Senior Assistant Attorney General
Special Litigation Unit
Trial Division Oregon Department of Justice
100 Market Street Portland, OR 97201
Phone: (971) 673-5037
Fax: (971) 673-5000
Scott.Kaplan@doj.state.or.us
(*pro hac vice motion forthcoming*)

STATE OF WASHINGTON

BOB FERGUSON
ATTORNEY GENERAL

*/s Chalia Stallings-Ala'ilima*
_____
Chalia Stallings-Ala'ilima
Assistant Attorney General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
Phone: (206) 326-5480
Chalias@atg.wa.gov
(*pro hac vice motion forthcoming*)

DATED:      October 17, 2017

# Exhibit A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

June 29, 2017

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, SW, Stop 5009
Washington, DC 20536-5009

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010

U.S. Customs and Border Protection
ATTN: Sabrina Burroughs, FOIA Officer
1300 Pennsylvania Ave, NW
Room 3.3D
Washington, DC 20229

To whom it may concern:

The President's Executive Orders, and the steps taken by the Department of Homeland Security to implement those orders, have generated new fears and uncertainties in immigrant communities across the country. Families are afraid to send their children to school. People are avoiding necessary medical treatment. Victims and witnesses are not reporting crimes or cooperating with state and local law enforcement. As the attorneys general of our respective states, we believe the "chilling effect" of these new policies undercuts public health, safety, and welfare.

The lack of transparency surrounding the Administration's enforcement activities and priorities is greatly exacerbating the fear in immigrant communities and decreasing cooperation with local law enforcement. Widely circulated reports in national and local media recount detentions and deportations of parents with young children, individuals approved for Deferred Action for Childhood Arrivals ("DACA"), and individuals meeting with federal immigration officials to discuss their status. Arrests are occurring in the vicinity of locations previously deemed by the Department of Homeland Security or its components as "sensitive," as well as in or around courthouses. Detainer requests are being issued more frequently to our state and local law enforcement officials and detention facilities. Meanwhile, accurate information on the

numbers of and bases for detentions, deportations, and detainer requests, as well as actions taken upon those requests, has not been made available to our states or to the general public. To the contrary, we have learned that the Department of Homeland Security has reduced the amount of information it makes available about detentions, detainer requests, and deportations, at the same time it is significantly increasing its efforts to detain and deport, and to issue detainer requests concerning, residents of our states.

To better understand how the Department of Homeland Security is implementing its immigration enforcement policies, this letter contains a series of requests made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522. As you are aware, Immigration and Customs Enforcement ("ICE"), Customs and Border Protection ("CBP"), and U.S. Citizenship and Immigration Services ("USCIS") are subject to the requirements of FOIA.

Instructions. Unless otherwise stated in a specific request, the date range of this request is for records in the custody, control, or possession of ICE, CBP, and USCIS, and all respective subdivisions of each entity, between October 1, 2016 and the date of this request. For each request in which data or other compilations of information are sought, please provide a state-by-state breakdown of such data or compilations of information, should it exist. **Nothing in these requests should be interpreted to be seeking personally identifiable information such as names or addresses.**

Definitions. For the purpose of these requests, the following are defined as:

"Administration" – The President of the United States, the President of the United States' staff, White House staff, or any person communicating on behalf of those individuals.

"Any record" – Records sufficient to provide the information sought in a particular request, **excluding redundant or duplicative records and any personally identifiable information.**

"All records" – Each and every record responsive to a particular request, **excluding any personally identifiable information.**

"DACA" – Deferred Action for Childhood Arrivals.

"Memorandum" – Includes any policy directive, analysis, white paper, or order.

"Policies" – Includes any policy, procedure, manual, guidebook, protocol, or handbook.

"Respective States" – California, District of Columbia, Hawaii, Illinois, Iowa, Massachusetts, Maryland, New York, Oregon, and Washington.

"Sensitive Locations" – Includes, but is not limited to, schools, including daycares and bus stops; medical treatment and health care facilities, including hospitals and doctors' offices; churches, synagogues, mosques, or other institutions of worship, such as buildings rented for the purpose of religious services; the site of a funeral, wedding, or

other public religious ceremony; and a site during the occurrence of a public demonstration, such as a march, rally, or parade.[1]

**We hereby request any and all records that reflect the following information:**

1. **Records related to DACA, specifically:**

    a. All memoranda issued from the Administration and/or the Department of Homeland Security regarding DACA;

    b. Any record containing information and/or data reflecting the number of individuals residing in our respective states whose deferred action under the DACA process have been terminated;

    c. All records regarding the detention and/or deportation of any individual residing in our respective states previously granted an approval or extension of DACA since its initiation on June 15, 2012, including the specific factual basis for detaining and/or initiating deportation proceedings for each individual notwithstanding their DACA status; and

    d. All policies, procedures, and training documents that were in effect between October 1, 2016 and the date of this request concerning the process for checking an individual's DACA status prior to arresting, issuing a detainer request, initiating a removal proceeding, or removing an individual.

2. **Records related to arrests and/or detentions of individuals at certain locations, specifically:**

    a. All memoranda issued from the Administration and/or the Department of Homeland Security regarding ICE or CBP designated sensitive locations;

    b. Any record containing information and/or data reflecting the number of individuals in our respective states arrested and/or detained at, or within 100 exterior feet of an entrance or exit to, an ICE or CBP designated sensitive location;

    c. All memoranda issued from the Administration and/or the Department of Homeland Security regarding ICE or CBP immigration enforcement at, or within 100 exterior feet of an entrance or exit to, a state or local courthouse;

    d. Any record containing information and/or data reflecting the number of individuals in our respective states arrested and/or detained at an ICE or CBP designated check-in and/or interview;

---

[1] This definition is intended to comport with the definition currently in use by the Department of Homeland Security. *See* https://www.ice.gov/ero/enforcement/sensitive-loc (last visited June 28, 2017).

e. Any record containing information and/or data reflecting the number of individuals in our respective states arrested and/or detained at, or within 100 exterior feet of an entrance or exit to, a courthouse (excluding those arrested or detained pursuant to a courthouse official's voluntary cooperation with a detainer request);

f. Copies of all I-213 forms that contain the term "courthouse" or "court house;"

g. Any chart, spreadsheet, data compilation, or record that shows **any** of the following relating to Form I-9 audits in our respective states:

   i. The action taken and its outcome;

   ii. The business sector, industry, or category of the employer;

   iii. The size of the employer; and

   iv. The location of the employer;

h. All memoranda issued from the Administration and/or the Department of Homeland Security regarding Form I-9 audits;

i. Any record containing information and/or data reflecting the number of individuals in our respective states arrested and/or detained at, or within 100 exterior feet of an entrance or exit to, the individual's workplace or jobsite; and

j. All memoranda issued from the Administration and/or the Department of Homeland Security regarding workplace and/or jobsite enforcement actions.

3. **Records related to ICE or CBP detainer requests and databases, specifically:**

a. Any chart, spreadsheet, data compilation, or record that shows **any** of the following:

   i. All detainer requests issued in our respective states by ICE or CBP;

   ii. The immigration status of individuals in our respective states for whom ICE or CBP requested a detainer;

   iii. The nationality/citizenship of individuals in our respective states for whom ICE or CBP requested a detainer, including those individuals with U.S. citizenship;

   iv. All cancelled detainer requests issued in our respective states by ICE or CBP;

4

    v.   All ICE or CBP detainer requests issued in our respective states that were later determined to be based on the mistaken identity of the subject;

    vi.  For each individual in our respective states for which ICE or CBP issued a detainer request, the individual's criminal history, or, any indication that the individual has no criminal history; and/or

    vii. All ICE or CBP detainer requests in our respective states that were later determined to concern a United States citizen or individual otherwise not subject to removal and/or deportation;

b.  All records reflecting detainer requests issued in our respective states by ICE or CBP that were later determined to be based on the mistaken identity of the subject;

c.  All records reflecting detainer requests issued in our respective states by ICE or CBP for an individual later determined to be a United States citizen or otherwise not subject to removal and/or deportation;

d.  All memoranda, policies, procedures, and training documents that were in effect between October 1, 2016 and the date of this request relating to the process for issuing, withdrawing, and deciding whether to undertake enforcement on the basis of a detainer request; and

e.  Any record describing the databases used by ICE or CBP for immigration enforcement, including but not limited to any record describing the fields maintained in each such database.

If responsive data exists in a database but not in a specific record, we request that you run a query to produce the data set in response to the request, with the data properly correlated. See Nat'l Sec. Counselors v. Cent. Intelligence Agency, 898 F. Supp. 2d 233, 270 (D.D.C. 2012) ("In responding to a FOIA request for 'aggregate data,' therefore, an agency need not create a new database or a [sic] reorganize its method of archiving data, but if the agency already stores records in [its] electronic database, searching that database does not involve the creation of a new record."); Long v. U.S. Dep't of Justice, 450 F. Supp. 2d 42, 48 (D.D.C. 2006) ("fields of data" in a database are subject to FOIA). In an effort to assist the agency in complying with these requests, where responsive records would offer identical or redundant information to other records to be provided in response to these requests, the agency may note this in its response and withhold the records with redundant information.

We also request that all fees be waived as these requests are in the public interest. In the event that there are fees, please inform us of the total charges in advance of fulfilling these requests. We request that your responses be fulfilled electronically.

Thank you in advance for your attention to this matter.  If you have any questions or wish to clarify any request, please do not hesitate to contact **Jonathan Sclarsic, Assistant Attorney General in the Massachusetts Attorney General's Office, at 617-963-2045.**  We look forward to receiving your response to these requests within twenty (20) business days, as required by FOIA.

Sincerely,

Maura Healey
Massachusetts Attorney General

Xavier Becerra
California Attorney General

Karl A. Racine
District of Columbia Attorney General

Douglas S. Chin
Hawaii Attorney General

Tom Miller
Iowa Attorney General

Lisa Madigan
Illinois Attorney General

Brian E. Frosh
Maryland Attorney General

Eric T. Schneiderman
New York Attorney General

Ellen F. Rosenblum
Oregon Attorney General

Bob Ferguson
Washington Attorney General

# Exhibit B

**Manganaro, Kevin (AGO)**

| | |
|---|---|
| **From:** | US DHS Immigration and Customs Enforcement FOIA Office <ice-foia@dhs.gov> |
| **Sent:** | Thursday, July 6, 2017 3:18 PM |
| **To:** | Sclarsic, Jonathan (AGO) |
| **Subject:** | ICE FOIA Request 2017-ICFO-35710 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

July 06, 2017

JOHNATHAN SCLARSIC
MASSACHUSETTS ATTORNEY GENERAL OFFICE
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MA 02108

RE:   ICE FOIA Case Number 2017-ICFO-35710

Dear Mr. SCLARSIC:

This acknowledges receipt of your June 29, 2017, Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), for any and all records that reflect the following information for the following respective states: California, District of Columbia, Hawaii, Illinois, Iowa, Massachusetts, Maryland, New York, Oregon, and Washington: records relating to DACA; records relating to arrests and/or detention of individuals at certain locations; records related detainer requests and database, see request for specific details..  Your request was received in this office on June 29, 2017.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, ICE processes FOIA requests according to their order of receipt. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10- day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.

Provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requesters.  As a non-commercial requester, you will be charged 10 cents per page for duplication; the first 100 pages are free, as are the first two hours of search time, after which you will pay the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher.  We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

We have queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2017-ICFO-35710**. Please refer to this identifier in any future correspondence. To check the status of an ICE FOIA/PA request, please visit http://www.dhs.gov/foia-status. Please note that to check the status of a request, you must enter the 2016-ICFO-XXXXX or 2017-ICFO-XXXXX tracking number. If you need any further assistance or would like to discuss any aspect of your request, please contact the FOIA office. You may send an e-mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public Liaison in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Regards,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009
Telephone: 1-866-633-1182
Visit our FOIA website at www.ice.gov/foia

# Exhibit C



**U.S. Citizenship
and Immigration
Services**

July 6, 2017                                                                    **COW2017000804**

Maura Healey
Office of the Attorney General
One Ashburton Place
Boston, MA  02108


Dear Maura Healey:


We received your request on June 30, 2017, for information relating to

1. **Records related to DACA, specifically:**

   a.  All memoranda issued from the Administration and/or the Department of
   Homeland Security regarding DACA;

   b.  Any record containing information and/or data reflecting the number of individuals
   residing in our respective states whose deferred action under the DACA process have
   been terminated;

   c.  All records regarding the detention and/or deportation of any individual residing in our
   respective states previously granted an approval or extension of DACA since its initiation on
   June 15, 2012, including the specific factual basis for detaining and/or initiating deportation
   proceedings for each individual notwithstanding their DACA status; and

   d.  All policies, procedures, and training documents that were in effect between October 1,
   2016 and the date of this request concerning the process for checking an individual's DACA
   status prior to arresting, issuing a detainer request, initiating a removal proceeding, or
   removing an individual.

   g.  Any chart, spreadsheet, data compilation, or record that shows **any** of the
   following relating to Form I-9 audits in our respective states:

   i.   The action taken and its outcome;

   ii.  The business sector, industry, or category of the employer;

   iii. The size of the employer; and

   iv.  The location of the employer;

   h.  All memoranda issued from the Administration and/or the Department of
   Homeland Security regarding Form I-9 audits;

COW2017000804
Page 2

The rest of your request will be handled by ICE or CBP.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: COW2017000804. Please cite this number in all future correspondence about your request.

We respond to requests on a first-in, first-out basis and on a multi-track system. Your request has been placed in the complex track (Track 2).

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.4(a)), USCIS uses a "cut-off" date to delineate the scope of a FOIA request by treating records created after that date as not responsive to that request. Therefore, in determining which records are responsive to your request, we will only include records in the possession of this agency as of July 6, 2017, the date we began the search for records.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy.

The statutory time limits for processing your request cannot be met because of unusual circumstances, and it will be necessary to extend the time limits for processing beyond the ten working days due to the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request. In the interim if you have questions about the status of your request, you may contact Dawn Horn by e-mail Dawn.d.horn@uscis.dhs.gov.

This office will be providing your records on a Compact Disc (CD) for use on your personal computer. The CD is readable on all computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. To request your responsive records on paper, please include your control number and write to the above address Attention: FOIA/PA Officer, or fax them to (816) 350-5785.

You may check the status of your FOIA request online, at www.uscis.gov. Click on "FOIA Request Status Check" located on the left side of the web page under "Other Services", and follow the instructions.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the control number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, or sent by fax to (816) 350-5785. You may also submit FOIA/PA related requests to our e-mail address at uscis.foia@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

# Exhibit D

1300 Pennsylvania Avenue NW
Washington, DC 20229



**U.S. Customs and Border Protection**

Jonathan Sclarsic
THE COMMONWEALTH OF MASSACHUSETTS
ONE ASHBURTON PLACE
BOSTON, MA 02108

RECEIVED

July 10, 2017

JUL 18 2017

CBP-2017-071047

OFFICE OF MA. ATTORNEY GENERAL
DIVISION OF OPEN GOVERNMENT

Dear Jonathan Sclarsic,

This automated notice acknowledges receipt of your Freedom of Information Act (FOIA) request to U.S. Customs and Border Protection (CBP) received in the mail from you on 07/06/2017.  Please use the following unique FOIA tracking number CBP-2017-071047 to track the status of your request.

In the future, please submit your FOIA requests to CBP electronically.  It's very easy to do, and there are many reasons why filing online is the most expeditious way to submit a FOIA request.

*How to submit a FOIA request electronically to U.S. Customs and Border Protection (CBP)?*

To submit a FOIAonline request online simply go to your search engine (i.e., google, etc.) and type FOIAonline, then hit enter.  That will take you to the FOIAonline site.  From there, press the green button on the right "*Create an Account*" and follow the prompts to create a FOIAonline account, then press the green button in the middle "*Make a FOIA Request!*" and follow the prompts to submit a FOIA request.

*Submitting a FOIA request online is the preferred method (vs. postal mail) for many reasons:*

• You will immediately receive a unique FOIA tracking number and acknowledgment that your FOIA request was received by CBP.
• You will be able to track your FOIA request any day/any time through your FOIAonline account.
• You will receive an email to retrieve responsive records or document via your FOIAonline account, when records or documents become available.
• You can view all of your historical FOIA requests via the "*dashboard*" in your FOIAonline account.
FOIAs requests for travel records require: 1) subject's name, 2) subject's date of birth, and 3) third party consent (if applicable).

Sincerely,

Tonarra White
U.S. Customs and Border Protection