UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, STATE OF CALIFORNIA DISTRICT OF COLUMBIA, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF IOWA, STATE OF MARYLAND, STATE OF NEW YORK, STATE OF OREGON, AND STATE OF WASHINGTON<br>              Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and UNITE STATES CUSTOMS AND BORDER PROTECTIONS<br><br>              Defendants. | No. 1:17-cv-12022-FDS |

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendants Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), U.S. Citizenship and Immigration Services (USCIS), and U.S. Customs and Border Protection (CBP) hereby respond as follows to the numbered and unnumbered paragraphs. Defendant DHS answers for all Defendants unless the answer indicates the response of a particular defendant.

## I.      NATURE OF ACTION

1. The allegations contained in paragraph 1 constitute Plaintiffs' characterization of this action and their conclusions of law, to which no response is required. To the extent that a

response is required, Defendant denies the allegations that the Defendant has violated the

Freedom of Information Act (FOIA) and denies that relief is warranted.

## II.      JURISDICTION AND VENUE

2.  The allegations contained in paragraph 2 consist of Plaintiffs' conclusion of law

regarding jurisdiction, to which no response is required but, to the extent a response is required,

Defendant admits that the claims in this action are brought pursuant to the FOIA, 5 U.S.C. § 552.

3.  The allegation contained in paragraph 3 consists of legal conclusion as to the authority

of the Court, to which no response is required but, to the extent a response is required, Defendant

denies the allegation.

4. The allegations contained in paragraph 4 consist of Plaintiffs' conclusion of law

regarding venue, to which no response is required.  To the extent that a response is required,

Defendant admits that venue properly lies with this Court.

## III.      PARTIES

5.  The allegation in paragraph 5 characterizes Plaintiff, Commonwealth of

Massachusetts, of which Defendant had no knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 5, and no response is required.  To the

extent a response is required, Defendant denies the allegations.

6.      The allegation in paragraph 6 characterizes Plaintiff, State of California, of which

Defendant has no knowledge or information sufficient to form a belief as to the truth of the

allegations, and no response is required.  To the extent a response is required, Defendant denies

the allegations.

7.  The allegation in paragraph 7 characterizes Plaintiff, District of Columbia, of which

Defendant has no knowledge or information sufficient to form a belief as to the truth of the

allegations, and no response is required.  To the extent a response is required, Defendant denies the allegations.

8.  The allegation in paragraph 8 characterizes Plaintiff, State of Hawaii, of which Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations, and no response is required.  To the extent a response is required, Defendant denies the allegations.

9.  The allegation in paragraph 9 characterizes Plaintiff, State of Illinois, of which Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations, and no response is required.  To the extent a response is required, Defendant  denies the allegations.

10.  The allegation in paragraph 10 characterizes Plaintiff, State of Iowa, of which Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations, and no response is required.  To the extent a response is required, Defendant denies the allegations.

11.  The allegation in paragraph 11 characterizes Plaintiff, State of Maryland, of  which Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations, and no response is required.  To the extent a response is required, Defendant denies the allegations.

12.  The allegation in paragraph 12 characterizes Plaintiff, State of New York, of which Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations, and no response is required.  To the extent a response is required, Defendant denies the allegations.

13.  The allegation in paragraph 13 characterizes Plaintiff, State of Oregon, of which Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations, and no response is required.  To the extent a response is required, Defendant denies the allegations.

14.  The allegation in paragraph 14 characterizes Plaintiff, State of Washington, of which Defendant have no knowledge or information sufficient to form a belief as to the truth of the allegations, and no response is required.  To the extent a response is required, Defendant denies the allegations.

15.  The allegations in paragraph 15 characterize the Defendant DHS, to which no response is required. To the extent a response is required, Defendant admits that ICE, CBP, and USCIS are component agencies of the Department of Homeland Security ("DHS"), a department of the executive branch of the United States government and admits that it maintains an office in the Commonwealth of Massachusetts.  Defendant denies the remaining allegations.

16.  Defendant ICE admits that it is a component of DHS, which is subject to the provisions of the FOIA, 5 U.S.C. § 552, et seq., and admits it maintains its headquarters in Washington, D.C. and an office within the Commonwealth of Massachusetts.   The remainder of the allegations consist of Plaintiffs' conclusion of law, to which no response is required.

17.  Defendant USCIS admits that it is a component of DHS, which is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f).   Defendant USCIS admits that the agency maintains its headquarters at 20 Massachusetts Avenue NW, Washington D.C. 20529.  USCIS admits that it maintains a field office at 15 New Sudbury Street, Room E-160, Boston, Massachusetts 02203.  The remainder of the allegations consist of  Plaintiffs' conclusion of law, to which no response is required.

18.  Defendant CBP  admits that it is a component of the DHS, that it maintains its headquarters in Washington, D.C. and that it maintains an office at 10 Causeway Street, Boston, Massachusetts.  The remain of the allegations consist of Plaintiffs' conclusions of law, to which no response is required.

## IV.    STATUTORY FRAMEWORK

19.    The allegation contained in paragraph 19 constitutes Plaintiffs' conclusion of law, to which no response is required.  To the extent a response is required, Defendant admits that the FOIA provides access to records of the federal government, subject to the exemptions set forth in the FOIA.

20.    The allegation contained in paragraph 20 constitutes Plaintiffs' conclusion of law, to which no response is required.  To the extent a response is required, Defendant admits that the FOIA imposes deadlines for responding to FOIA requests and otherwise denies the allegations.

21.    The allegation contained in paragraph 21 constitutes Plaintiffs' conclusion of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

22.    The allegations contained in paragraph 22 constitute Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

23.    The allegation contained in paragraph 23 constitutes Plaintiffs' conclusion of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

24.     The allegations contained in paragraph 24 constitute Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

25.     The allegation contained in paragraph 25 constitutes Plaintiffs' conclusion of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

26.     The allegation contained in paragraph 26 constitutes Plaintiffs' conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## V. FACTS

27.     Defendant admits that by letter dated June 29, 2017, Plaintiffs submitted a FOIA request to ICE, USCIS, and CBP.  Defendant admits that Plaintiffs' request seeking information was submitted to ICE, USCIS, and CBP, and refers the Court to Exhibit A of the Complaint for the letter's content.

28.     The allegation contained in paragraph 28 constitutes Plaintiffs' conclusion of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

29.     Defendant ICE admits in response to the allegations in paragraph 29 that ICE responded to Plaintiffs' request on July 6, 2017, and assigned case number 2017-ICFO-35710, and refers the Court to Exhibit B of the Complaint for the letter's content.

30.     Defendant USCIS admits in response to the allegations in paragraph 30 that USCIS responded to Plaintiffs' request on July 6, 2017, and assigned case number COW2017000804, and refers the court to Exhibit C of the Complaint for the letter's content.

31.     Defendant CBP admits in response to the allegations in paragraph 31 that CBP responded to Plaintiff's request on July 10., 2017, and assigned case number CBP-2017-071047, and refers the Court to Exhibit D of the Complaint for the letter's content.

32.     Defendant admits the allegation.

33.     The allegations in paragraph 33 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

34.     The allegations contained in paragraph 34 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 34.

35.     The allegations in paragraph 35 characterize Plaintiffs' action and consist of legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies the allegation.

36.     The allegations in paragraph 36 characterize Plaintiffs' action, to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

37.     The allegations in paragraph 37 are Plaintiffs' characterization of Defendant's activities, and no response is required.  To the extent that a response is required, Defendant denies the allegations.

38.     The allegations in paragraph 38 characterize Plaintiffs' need for the information that they requested, and no response is required.  To the extent that a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## VI. STATEMENT OF CLAIMS

### Count I: Failure to Respond to Requests Within Statutory Timeframe

39.    Defendant repeats and re-alleges the responses to ¶¶ 1-38.

40.    The allegations in paragraph 40 consists of legal conclusions, to which no response is required but, to the extent a response is required, Defendant denies.

### Count II: Failure to Identify FOIA Public Liaisons

41.    Defendant repeats and re-allege the responses to ¶¶ 1-40.

42.    Defendant denies the allegation in paragraph 42.  Defendant has listed all contact information for FOIA public liaisons on its website at  www.dhs.gov/foia-contact-information.

43.    The allegations in paragraph 43 consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies.

### Count III: Failure to Produce Responsive Records

44.    Defendant repeats and re-alleges the responses to ¶¶ 1-43.

45.    The allegations in paragraph 45 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies.

46.    The allegations in paragraph 46 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies.

47.    The allegations in paragraph 47 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies.

48.    The allegations in paragraph 48 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies.

## PRAYER FOR RELIEF

The allegations in this section commencing with the word "wherefore" constitute Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought or any other relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted because Defendant has not unlawfully withheld any records within the meaning of the requirements of the Freedom of Information Act ("FOIA"), 5 U.S.C.§ 522.   Defendant has exercised due diligence in processing Plaintiffs' FOIA request and unusual circumstances exist that necessitate additional time for the Defendant to complete processing of the responsive records.  *See* 5 U.S.C. § 552(a)(6)(C).

### SECOND DEFENSE

The Court lacks subject-matter jurisdiction over this Complaint because no records have been improperly withheld under FOIA, 5 U.S.C. § 552.  The information that Defendant has withheld, or will withhold, in response to Plaintiffs' FOIA request, may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552(b) and the Privacy Act, 5 U.S.C. § 552a, et. seq.  All nonexempt information has been, or will be, produced to Plaintiffs.

### THIRD DEFENSE

To the extent applicable, Plaintiffs have failed to exhaust their administrative remedies.

Accordingly, Defendant requests that the Court hold that Plaintiffs' claims are unsupported and dismiss the Complaint.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s/ Anita Johnson*
      ANITA JOHNSON, BBO No. 565540
      Assistant United States Attorney
      United States Attorney's Office
      John Joseph Moakley U.S. Courthouse
      One Courthouse Way - Suite 9200
      Boston, MA 02210
      (617) 748-3266
      Anita.Johnson@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document will be filed through the electronic filing system of the Court, which system will serve Plaintiffs electronically on this 26th day of January 2018.

*/s/ Anita Johnson*